# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TOYOTA MATERIAL HANDLING U.S.A., INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 19 C 4645 |
| RAVAS USA, LLC and TRANSCELL TECHNOLOGY, INC., | ) ) ) ) |
| Defendants. | ) |

## ORDER ON TRANSCELL'S MOTIONS TO DISMISS

Transcell Technology, Inc. has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims of Toyota Materials Handling USA, Inc. against Transcell in Toyota's third amended complaint and the crossclaims of co-defendant Ravas USA, LLC. The Court denies both motions for the following reasons.

A. Complaint

1. Count 1 is a breach of contract claim. Transcell says the contract was between Toyota and Ravas USA, that Transcell was not a contracting party, and thus it cannot be sued for breach. Toyota responds, among other things, that via a settlement agreement between Transcell and Ravas Europe dissolving Ravas USA, their joint venture, Transcell assumed any remaining liabilities under the contract at issue. Transcell says this is a misreading of the contract, but for purposes of a motion to dismiss Toyota's reading is at least plausible. Toyota argues other bases for upholding count 1, but the Court need not address them seeing as how count 1 is sustainable based on the Ravas-Transcell settlement agreement.

2. Transcell seeks dismissal of counts 2, 3, and 4, which are claims under the Uniform Commercial Code for breach of warranty, on the basis that the underlying agreement is not a transaction in goods to which the UCC applies. *See* 810 ILCS 5/2-102. The answer to that question depends on whether the predominant purpose of the agreement was a sale of goods as opposed to a sale of services. *See, e.g., Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 352, 770 N.E.2d 177, 194 (2002). This is a fact-bound question, and at this point, the Court cannot say as a matter of law that the UCC does not apply. The Court therefore declines to dismiss counts 2, 3, and 4.

3. The Court declines to dismiss count 5, a claim for negligent misrepresentation, because the claim at least arguably involves damage to property other than the products contracted for, which would make the claim fall outside the scope of the economic loss doctrine. *See Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill. 2d 69, 82, 435 N.E.2d 443, 449 (1982).

4. Count 6 states a claim for implied contractual indemnity on the part of Transcell for Toyota's liability to its customer Ruan Transportation.

Crossclaim

Transcell has also moved to dismiss the crossclaim of Ravas USA. The crossclaim is based on alleged contractual indemnification. The Court denies the motion for the same reason it declined to dismiss count 1 of Toyota's claim.

**Conclusion**

The Court denies both of Transcell's motions to dismiss [100] [103] and directs Transcell to answer the third amended complaint and the crossclaim within 14 days of

this order.

Date: January 9, 2020

_____
MATTHEW F. KENNELLY
United States District Judge